# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: B.B.**

**No. 15-0592** (Logan County 14-JA-69)

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.B., by counsel Mark E. Hobbs, appeals the Circuit Court of Logan County's April 27, 2015, order terminating her parental rights to one-year-old B.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), Donna L. Pratt, filed a response on behalf of the child, also in support the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive alternative.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, the DHHR received a referral that B.B. tested positive for methadone shortly after she was born, and as a result suffered respiratory distress.[2] The referral also stated that petitioner tested positive for cocaine and benzodiazepine during her pregnancy. During the investigation, petitioner admitted that she had a substance abuse problem. Based upon these allegations, the DHHR filed a petition for immediate custody of the minor child. Thereafter, the circuit court found that the DHHR properly removed B.B. due to imminent danger.

The following month, the DHHR filed an amended petition alleging that petitioner was arrested and charged with one count each of breaking and entering, conspiracy to commit a felony, petit larceny, and simple possession. On November 21, 2014, petitioner filed an answer admitting that her substance abuse caused her to neglect B.B. Petitioner also moved for a post-adjudicatory improvement period. Thereafter, the circuit court granted petitioner a post-

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]B.B. spent forty-five days in the hospital during which petitioner visited B.B. five times.

1

adjudicatory improvement period. As terms and conditions of her improvement plan, petitioner was ordered to seek employment and independent housing, submit to drug screens twice per week, attend adult life skills and parenting classes, submit to a substance abuse evaluation. She was granted supervised visitation with B.B.

In February of 2015, the circuit court held a status hearing on the progress of petitioner's improvement period. By order entered February 9, 2015, the circuit court suspended petitioner's improvement period, pending a further hearing on the issue, because petitioner failed to cooperate with her service providers.

In March of 2015, the circuit court held another status hearing during which the DHHR moved to revoke petitioner's improvement period. Based on the evidence presented, the circuit court found that petitioner failed to obtain employment and independent housing, maintain her sobriety, keep mental health appointments, submit to drug screens, and participate in any in-home services. Therefore, the circuit court revoked petitioner's improvement period by order entered March 20, 2015.

On April 6, 2015, the DHHR filed a motion to terminate petitioner's parental rights. On April 22, 2015, the circuit court held its dispositional hearing. A DHHR worker testified that since March 6, 2015, petitioner failed to submit to random drug screens and failed to participate with any in-home services. The worker also testified that the whereabouts of petitioner were unknown.[3] Based on the evidence presented, the circuit court found that petitioner failed to obtain employment and independent housing, maintain her sobriety, keep mental health appointments, submit to drug screens, and participate in any in-home services. Given these findings, the circuit court terminated petitioner's parental rights by order entered on April 27, 2015. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review in such cases:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]Petitioner's counsel also admitted that he was unaware of petitioner's whereabouts.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order terminating petitioner's parental rights.

Petitioner argues that the circuit court erred in terminating her parental rights without employing a less-restrictive dispositional alternative, pursuant to West Virginia Code § 49-6-5(a). Contrary to petitioner's argument that a less-restrictive alternative existed, the circuit court had no option but to terminate petitioner's parental rights. Petitioner's argument fails to consider our directions regarding termination upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected. This Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court was presented with overwhelming evidence that petitioner failed to comply with her family case plan. During the dispositional hearing, a DHHR worker testified that petitioner voluntarily chose not to participate in her family case plan, failed to submit to random drug screens, failed to maintain contact with her attorney, and failed to participate with any in-home services since the March 6, 2015, hearing. Furthermore, the whereabouts of petitioner were unknown, making compliance with her family case plan impossible.

Finally, this Court finds that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was in the children's best interests. As noted above, a DHHR worker testified that petitioner failed to follow through with her family case plan. This evidence constitutes a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future under West Virginia Code § 49-6-5(b)(3). Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 27, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II